### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY YOUNG | : CIVIL ACTION |
| *Plaintiff(s),* | : |
| | : |
| v. | : |
| | : |
| TARGET CORPORATION and | : |
| JOHN DOE 1 and | : |
| WESTERN EXPRESS, INC., d/b/a | : |
| WESTERN EXPRESS and | : |
| MAGELLAN TRANSPORT | : |
| LOGISTICS, INC., d/b/a | : |
| MAGELLAN TRANSPORT | : |
| LOGISTICS and | : |
| HUB GROUP, INC. and | : |
| JOHN DOE, INC. and | : |
| JOHN DOE CORP. and | : |
| ABC CORP. and | : |
| XYZ CORP. | : |
| *Defendant(s).* | : NO. |

### NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant, Western Express, Inc., d/b/a Western Express, (hereinafter "Western Express") by and through its Counsel Hohn & Scheüerle, LLC, respectfully avers the following in support of its Petition for Removal:

1.     On or about October 10, 2025, Plaintiff commenced this personal injury action by way of Civil Action Complaint in Philadelphia County, Court of Common Pleas, No. 251001338. *See* Pltf's Complaint, attached as **Exhibit 1**.

2.     On May 20, 2026, Plaintiff filed an Amended Complaint. *See* Pltf's Amended Complaint, attached as **Exhibit 2**.

3.     Service of the Philadelphia action was made upon Western Express by certified mail on or about June 2, 2026. *See* Pltf's Affidavit of Service, attached as **Exhibit 3**.

4. On or about June 15, 2026, Western Express filed an Entry of Appearance, attached as **Exhibit 4**.

5. In addition to the instant action, on or about October 10, 2025, Plaintiff commenced a personal injury action by way of Civil Action Complaint in the Superior Court of New Jersey, No. CAM-L-003397-25. (hereinafter "The New Jersey Action"). *See* Pltf's Complaint, attached as **Exhibit 5**.

6. On May 29, 2026, Plaintiff filed an Amended Complaint in the New Jersey action. *See* Pltf's Amended Complaint, attached as **Exhibit 6**.

7. Plaintiff has not served Western Express, Inc., with a copy of the Complaint or Amended Complaint in this matter. *See* N.J. Case Jacket (as of 6/15/2026), attached as **Exhibit 7**

8. On or about June 15, 2026, Western Express filed an Entry of Appearance in the New Jersey action, attached as **Exhibit 8**.

9. On or about June 15, 2026, Western Express filed a Notice of Removal of the New Jersey action to the United States District Court, for the District of New Jersey. *See* Defendant's Notice of Removal, attached as **Exhibit 9**.

10. Upon investigation and belief, Plaintiff is domiciled and a citizen of the Commonwealth of Pennsylvania. *See* Exs 1 & 2, pg. 1 and Exs 5 & 6 pg. 2.

11. Western Express, Inc., is a corporation which is incorporated in the State of Tennessee and has its principal place of business at 7135 Centennial Place, Nashville, TN 37209.

12. Upon investigation and belief, Defendant, Target Corporation (hereinafter "Target"), is a corporation incorporated in the State of Minnesota and has its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. *See* MN Corporation Details, attached as **Exhibit 10**.

13.     Upon investigation and belief, Defendant, Magellan Transport Logistics, Inc. d/b/a Magellan Transport Logistics (hereinafter "Magellan"), is a corporation incorporated in the State of Florida and has its principal place of business at 8505 Baycenter Road, Jacksonville, FL 32256. *See* FL Corporation Details, attached as **Exhibit 11**; *see also* FMCSA Business Info., attached as **Exhibit 12**.

14.     Upon investigation and belief, Defendant, Hub Group, Inc. (hereinafter "Hub"), is a corporation incorporated in the State of Illinois and has its principal place of business at 2001 Hub Group Way, Oak Brook, IL 60523. *See* IL Corporation Details, attached as **Exhibit 13**; *see also* FMCSA Business Info., attached as **Exhibit 14**.

15.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as there is complete jurisdiction between the Plaintiff and the Defendants and the Amended Complaint provides sufficient information upon which one may reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional limit of $75,000. *See Carroll v. United Airlines*, 7 F. Supp. 516, 521 (D.N.J. 1998); *Pope v. Walmart*, 2022 U.S. Dist. LEXIS 148748 (D.N.J. 2022).  To wit:

a.  The Amended Complaint, on its face, claims damages in excess of $50,000. Ex. 2 at Wherefore Clauses; *see also* Ex. 6 at Wherefore Clause.

b.  The Amended Complaint alleges injuries sustained by Plaintiff which include L5-S1 stenosis, spondylolisthesis requiring surgical intervention in the nature of a L5-S1 decompression, instrumented interbody fusion and posterior fusion, permanent scarring and disfigurement, severe damage to his nerves and nervous system, and various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future. *Id.* at ¶ 19; *see also* Ex. 6 at ¶¶ 18-23, 33.

c.  Plaintiff alleges to have been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which the Plaintiff may continue to expend and incur for an indefinite time into the future. *Id.* at ¶ 19; *see also* Ex. 6 at ¶¶ 19, 33.

    d. Plaintiff further alleges to have sustained a loss of wages and a loss of future earning capacity. Ex. 2 at ¶ 23; *see also* Ex. 6 at ¶¶ 22.

16. This matter is removable pursuant to 28 U.S.C. § 1441(b), which provides that:

(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

17. Pursuant to 28 U.S.C. § 1332(c), a corporation is deemed a citizen of every State in which it has been incorporated and every State in which it maintains its principal place of business.

18. As mentioned previously, Western Express, is not a citizen of, incorporated in, nor does it maintain a principal place of business in the Commonwealth of Pennsylvania.

19. Upon investigation and belief, Target, Magellan, and Hub are not citizens of, incorporated in, nor maintain a principal place of business in the Commonwealth of Pennsylvania. *See* Exs. 10-14.

20. As stated above, it is reasonable to conclude that the amount in controversy exceeds the jurisdictional limit for removal as Plaintiff seeks expenses associated with past and future medical treatment, pain and suffering, and past and future wage loss. *See* Ex. 2; *see also* Ex. 6.

21. As the damages alleged exceed the $75,000 threshold mandated by 28 U.S.C. § 1332(a), this matter is properly removable.

22. At the time of this filing, no attorney has entered their appearance for Target, Magellan, or Hub in either the present action or in the New Jersey action.

23.    Upon information and belief, Target, Magellan, and Hub will agree to removal of this matter to the United States District Court for the Eastern District of Pennsylvania. Western Express is not in possession of the Consent for Removal but such Consent will be filed subsequently as an addendum to this Motion.

**WHEREFORE**, Defendant, Western Express, Inc., hereby requests that the above action now pending in the Philadelphia County, Court of Common Pleas, No. 251001338, be removed therefrom to this Honorable Court.

Respectfully submitted,

*/s/ Stephen S. Dougherty*
STEPHEN S. DOUGHERTY, ESQUIRE
Identification No.: 027122011
HOHN & SCHEÜERLE, LLC
1700 Market Street
Suite 3242
Philadelphia, PA 19103
215-496-9995
215-496-9997 (Fax)
Our File #2800.8
sdougherty@dverdict.com

Attorney for Defendant,
Western Express, Inc., d/b/a Western Express

## CERTIFICATE OF SERVICE

I, Stephen S. Dougherty, Esquire, verify that a true and correct copy of the Defendant's Notice of Removal was sent to all parties and counsel listed below via electronic and/or first-class mail:

Kevin P. O'Brien, Esquire
STAMPONE O'BRIEN DILSHEIMER HOLLOWAY
500 Cottman Avenue
Cheltenham, PA  19012
kobrien@stamponelaw.com
*Counsel for Plaintiff*

Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403
*Unrepresented Co-Defendant*

Magellan Transport Logistics, Inc.
8505 Baycenter Road
Jacksonville, FL 32256
*Unrepresented Co-Defendant*

Hub Group, Inc.
2001 Hub Group Way
Oak Brook, IL 60523
*Unrepresented Co-Defendant*

BY: */s/ Stephen S. Dougherty*
STEPHEN S. DOUGHERTY, ESQUIRE

Date: June 15, 2026