# EXHIBIT 1

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**
BY: Kevin P. O'Brien, Esquire
ID No..: 313081
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
Attorney for Plaintiff(s)

Filed and Attested by the Office of Judicial Records 10 OCT 2025 03:10 pm GILLIAM

**THIS IS A MAJOR CASE**
**JURY TRIAL DEMANDED**

| | |
|---|---|
| GREGORY YOUNG<br>6125 Nassau Road<br>Philadelphia, PA 19151<br><br>vs.<br><br>TARGET CORPORATION<br>1000 Nicollet Mall<br>Minneapolis, MN 55403<br>AND<br>JOHN DOE, 1<br>(Individuals and/or entities who owned the truck delivering the load to Target which is the subject of this complaint)<br>AND<br>JOHN DOE, 2-5<br>(Individuals and/or entities who owned the truck delivering the load to Target which is the subject of this complaint)<br>AND<br>JOHN DOE, INC.<br>(Individuals and/or entities who owned the truck delivering the load to Target which is the subject of this complaint)<br>AND<br>JOHN DOE, CORP.<br>(Individuals or entities who were hired, retained, contracted, and/or subcontracted for the Loading, packing, strapping, inspecting, unloading and/or and securing of load in truck subject of this complaint)<br>AND<br>ABC, CORP.<br>(Individuals or entities who were hired, retained, contracted, and/or subcontracted for the Loading, packing, strapping, inspecting, unloading and/or and securing of load in truck | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM<br><br>NO.: |

subject of this complaint) :
AND :
XYZ, CORP. :
(Individuals or entities who were hired, retained, :
contracted, and/or subcontracted for the :
Loading, packing, strapping, inspecting, :
unloading and/or and securing of load in truck :
subject of this complaint) :

## NOTICE TO DEFEND

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701" | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.<br><br>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701" |

## COMPLAINT IN CIVIL ACTION

1. Plaintiff, Gregory Young, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 6125 Nassau Road, Philadelphia, PA 19151.

2. Defendant, Target Corporation is a Minnesota corporation and/or other business entity with its principal place of business located at 1000 Nicollet Mall, Minneapolis, MN 55403.

3. Defendant John Doe 1 is the individual who was the truck driver hired, retained, contracted or subcontracted for the delivery of the load to the Target Warehouse located at 30 Creekview Avenue, Logan Township, NJ. This individual has been unable to be identified despite reasonable and diligent search efforts by the Plaintiff.

4. Defendant John Doe 2-5 are the individuals who were the responsible loading, organizing and/or securing the load of freight which was delivered to the Target Warehouse located at 30 Creekview Avenue, Logan Township, NJ. This individual has been unable to be identified despite reasonable and diligent search efforts by the Plaintiff.

5. Defendants John Doe, Inc. consist of the business entities or trucking/transport companies who was hired, retained, contracted or subcontracted to haul, transport, drive, and deliver the load which the Plaintiff was unloading at the time of his injury to the Target Warehouse located at 30 Creekview Avenue, Logan Township, NJ. This entity has been unable to be identified despite reasonable and diligent search efforts by the Plaintiff.

6. Defendants John Doe, Corp. consists of the business entities who were hired, retained, contracted, and/or subcontracted for the loading, packing, strapping, inspecting, unloading and/or securing of the load and were involved in the circumstances of the incident giving rise to this action as described in more detail herein. This entity has been unable to be identified despite reasonable and diligent search efforts by the Plaintiff.

7. ABC Corp., consists of the business entities or trucking/transport companies who was employed the truck driver who was hired, retained, contracted or subcontracted to haul, transport, drive, and deliver the load which the Plaintiff was unloading at the time of his injury to the Target Warehouse located at 30 Creekview Avenue, Logan Township, NJ. This entity has been unable to be identified despite reasonable and diligent search efforts by the Plaintiff.

8. XYZ Corp., consists of the business entities or trucking/transport companies who employed the individuals who were hired, retained, contracted, and/or subcontracted for the loading, packing, strapping, inspecting, unloading and/or securing of the load and were involved in the circumstances of the incident giving rise to this action as described in more detail herein. This entity has been unable to be identified despite reasonable and diligent search efforts by the Plaintiff.

9. Venue is proper in the City and County of Philadelphia as one or more of the Defendants conducted business regularly in Philadelphia County.

10. On or about October 11, 2023, Plaintiff, Gregory Young, was acting within the course and scope of his employment in the warehouse/receiving for Target Corporation at 300 Creek View, Logan Township, New Jersey, Receiving Line #2, Bay #134 when he was unloading a truck that was improperly stacked to the ceiling with heavy items on the top of the load.

11. At all relevant times, the Defendants undertook, or should have undertaken, the supervision, control, inspection, operation, and oversight of the loading, strapping, packing, inspecting, unloading and/or securing and delivery of the load which is the subject of Plaintiff's complaint.

12. At all relevant times, the Defendants failed to discharge the above-mentioned duties responsibly, reasonably, or safely.to ensure the load was properly stacked according to the appropriate standards, guidelines and procedures and packed, secured and strapped in a manner that would prevent them from injuring individuals such as Plaintiff.

13. At all relevant times, Defendants acted or failed to act through their agents, ostensible agents, servants, borrowed servants, workmen and/or employees all in the course and scope of such relationship.

14. Plaintiff was beginning to unload the truck when suddenly while picking up an item from the beginning of the load and on the top, which heavy item was improperly loaded, felt his back go out, causing him to suffer severe and permanent injuries described below.

15. This accident resulted solely from the negligence and carelessness of the Defendants, their agents, servants, workmen and/or employees, jointly and/or severally, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff, Gregory Young, who was performing the expected, intended, and foreseeable job functions of a Warehouse Receiver and as he was taught, trained, and told to do.

16. As a result of the aforesaid accident, the Plaintiff, Gregory Young, has suffered and continues to suffer injuries which are serious and permanent in nature, including, but not limited to: L5-S1 Stenosis, Spondylolisthesis requiring surgical intervention in the nature of a L5-S1 Decompression, Instrumented Interbody Fusion and Posterior Fusion; permanent scarring and disfigurement, severe damage to his nerves and nervous system; and various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

17. As a further result of the aforesaid accident, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which the Plaintiff may continue to expend and incur for an indefinite time into the future.

18. As a direct and proximate result of the conduct of the Defendants, Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation, and may continue to suffer the same for an indefinite time into the future.

19. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

20. As a direct and proximate result of the conduct of the Defendants, Plaintiff has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

21. Plaintiff's injuries and damages were caused solely by the acts of Defendants, jointly and/or severally, and/or through their joint and individual agents, servants, workmen and/or employees as hereinbefore and hereinafter set forth.

**COUNT I - NEGLIGENCE**
**PLAINTIFF GREGORY YOUNG V. ALL DEFENDANTS**

22. Plaintiffs incorporate the preceding paragraphs as if the same were herein set forth at length.

23. At all relevant times hereto, Defendants, and each of them, jointly and/or severally undertook the duty they breached to supervise, control, inspect the loading, strapping, packing, unloading and/or securing of the load and in connection therewith, established, or should have established, plans, recommendations, designs, procedures, and specifications for the safe and proper loading, packing, securing, inspecting, transporting, and delivery of the load, including making sure all such loads were loaded pursuant to the appropriate guidelines.

24. At all relevant times, Defendants, and each of them, jointly and/or severally, controlled, trained, managed, supervised, and/or instructed the workers who improperly loaded, packed, secured, inspected the load for delivery and unloading.

25. Defendants, and each of them, having undertaken the supervision, coordination, control, operation, and oversight of the loading, packing, securing, and/or inspecting for delivery and unloading of the load and inspected, managed, maintained, and/or supervised the means and methods used in connection with loading, packing, securing, inspecting, transporting, and delivery and the necessary safety precautions, owed a duty they breached to those persons who foreseeably

were involved in the unloading to provide a reasonably safe transportation and loading and unloading of the goods, free from unreasonable and dangerous hazards, such as improper loading in the nature of stacking to the ceiling and heavy items being loaded in the beginning top of the load in violation of the appropriate standards, guidelines and procedures.

26. Defendants, and each of them having undertaken the supervision, control, coordination, oversight, and overall safety of the loading, packing, securing, inspecting of the tables for delivery and unloading, had a duty to adopt, promulgate and enforce proper, adequate, necessary and appropriate standards, guidelines and procedures for the loading, packing, securing, inspecting, transporting, and delivery of the incident load and training of personnel involved in the loading, packing, securing, inspecting, transporting, and delivery, and safety precautions required for delivery and unloading.

27. At all relevant times, Defendants, and each of them had a duty they breached to warn persons such as Plaintiff, who would foreseeably be involved in unloading and to safeguard such individuals from hazardous conditions associated with the improper loading, packing, securing, inspecting, transporting, and delivery of the incident load.

28. As a result of Defendants, and each of their breaches of their duties, Plaintiff, Gregory Young, was unexpectedly and suddenly injured by an overweight item which was packed in the truck in violation of the appropriate standards, guidelines and procedures related to the same.

29. In breaching these duties, Defendants, and each of them by and through their agents, servants, workers and/or employees, were careless and negligent in:

a. failing to provide Plaintiff, a with a safe place in which to work;

b. failing to adequately and safely load, pack, and secure for transport and unloading the incident truck load delivered to the Target Corporation at 300 Creek View, Logan Township, New Jersey, Receiving Line #2, Bay #134;

c. failing to adequately inspect the materials in the truck were loaded, packed, and/or secured onto the truck for hazardous conditions;

d. failing to adequately plan, plot, and supervise the loading, packing, securing, inspecting the load for delivery and unloading;

e. breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §323, 324(a), 411, 416, 423, and 424;

f. failing to properly train and supervise its own employees and/or contractor's employees to assist with loading, packing, securing, inspecting for delivery and unloading;

g. failing to hire competent employees, safety inspectors, contractors and/or subcontractors;

h. failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

i. failing to load, pack, secure, inspect for transportation and delivery of the incident load in conformity with the standard of care then and there prevailing in the industry at the time said services were performed and furnished;

j. loading, packing, securing, inspecting for transportation and unloading of the incident load in a wholly inadequate, unsafe, and negligent manner;

k. failing to properly inspect and supervise the loading, packing, securing for transportation and unloading of the incident load and permitting a dangerous and/or or improperly and inexplicably improper load to leave their control in a manner that presented a hazard to individuals, such as Plaintiff, who would foreseeably assist with the unloading of the load from the truck;

l. hiring or designating an inadequate or incompetent supervisor or manager charged with truck loading, packing, and inspecting for safe transportation and unloading;

m. failing to ensure the load in the truck was stacked, secured, inspected for transportation and unloading in a safe and hazardous free manner;

n. failing to ensure that the incident load was not improperly loaded, packed, secured, inspected for delivery and unloading; and

o. failing to properly train, supervise, and manage their employees contractors and/or subcontractors; to load, pack, secure, inspect for safe delivery and unloading of trucks;

p. Permitting the Plaintiff to work in dangerous conditions that were beyond the everyday risks of the work, and that performing the job in the manner required by the Defendants would certainly result in an injury to the Plaintiff;

q. Liability under Laidlow v. Hariton Machinery Co., Inc., 170 NJ 602 (2002).

30. By reason of the carelessness and negligence of Defendants, and each of them, jointly and/or severally as aforesaid, Plaintiff, Gregory Young, was caused to sustain serious injuries and damages as set forth herein.

31. By conducting itself as set forth above, Defendants, and each of their acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's serious, debilitating and permanent injuries.

WHEREFORE, Plaintiff, Gregory Young, demands judgment against Defendants, Target Corporation, John Doe 1, John Doe 2-5, John Doe, Inc., and John Doe, Corp., and ABC Corp., and XYZ Corp.,, and each of them jointly and/or severally, their agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus incident costs, and other such relief as the Court deems appropriate.

Respectfully submitted,

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**

By: *_/s/ Kevin P. O'Brien_*
KEVIN P. O'BRIEN, ESQUIRE
Attorneys for Plaintiff

**VERIFICATION**

Gregory Young, states that he is a Plaintiff herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

DocuSigned by:
Gregory Young
1F91CC233DA346C...

Gregory Young

10/10/2025